**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MARY MALONEY,

      **Plaintiff,**

v.                                           **Case No. 1:11-cv-540 GBW/DJS**

THOMAS R. PROFFIT,

      **Defendant.**

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court on *Plaintiff's Motion to Extend Time For Service of Process* [Doc. 4] filed October 14, 2011. The Court will grant the motion for the reasons stated below, and extend the time for Plaintiff to effect service of process by 30 days to November 17, 2011.

### *Background*

Plaintiff filed this case on June 20, 2011. She alleges she sustained personal injuries when Defendant ran a red light and struck the vehicle in which she was a passenger. [Doc. 1.] In her motion, Plaintiff claims she has been unsuccessful in serving the summons and complaint on Defendant, and she requests an additional 30 days to effect service. [Doc. 4.]

### *Legal Standards*

The Federal Rules of Civil Procedure require that summons and complaint be served within 120 days after the complaint is filed. Fed.R.Civ.P. 4(m). If the plaintiff shows good cause for failing to effect service within 120 days, the Court must extend the time for service for an "appropriate period." Id.

"The good cause provision of Rule 4[m] should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule." *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994) (brackets, citation, and internal quotation

marks omitted).  Good cause exists, for example, where it is shown a defendant evaded service.  *Cox v. Sandia Corp.*, 941 F.2d 1124, 1125 (10th Cir. 1991).  Good cause also may exist where there is "some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified."  *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996) (citations and internal quotation marks omitted).  Inadvertence, negligence, mistake of counsel, and ignorance of the rules do not suffice as good cause.  *Id.* at 176.  If the plaintiff does not show good cause, the Court must in its discretion either dismiss the action without prejudice or order that service be made within a specified time.  Fed.R.Civ.P. 4(m).

## *Analysis*

Plaintiff's 120-day deadline expired October 18, 2011.  The Affidavit of Non-Service attached to the motion indicates that Plaintiff's process server attempted to serve Defendant, apparently at his residence, on four occasions prior to the deadline:  October 10, 2011, October 11, 2011, and twice on October 12, 2011.  [Doc. 4-1 at 2.]  No one apparently came to the door to accept service.

Plaintiff has not shown that Defendant is evading service and has cited no authority for the proposition that her failure to find Defendant at home constitutes good cause.  Furthermore, although Plaintiff made four attempts at personal service, such attempts were precariously close to the end of the 120-day period.  In these circumstances, it is debatable whether Plaintiff has shown good cause under the narrow standard applied in this Circuit.

Although the Court cannot conclude that a mandatory extension is warranted, the Court finds that a discretionary extension should be granted.  Plaintiff appears to have made good faith efforts to comply with Rule 4(m), and furthermore, sought an extension prior to the expiration of the deadline.

### *Conclusion*

*Plaintiff's Motion to Extend Time for Service of Process on Defendant* [Doc. 4] is GRANTED.  The deadline to effect service is extended to November 17, 2011.


**DON J. SVET**
**United States Magistrate Judge**

3