**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MARY MALONEY,

   Plaintiff,

v.                    NO. 11-CV-540 WJ/SMV

THOMAS R. PROFFIT,

   Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO CHANGE VENUE**

   THIS MATTER comes before the Court on Plaintiff's Motion to Change Venue (**doc. 6**) filed November 16, 2011.  The Court finds that Plaintiff's motion is well taken and shall be **GRANTED**.

   Plaintiff Mary Maloney was involved in an automobile accident with Defendant Thomas Proffit in Amarillo, Texas.  The police report reflects a home address for Defendant in Nevada; upon subsequent investigation, Plaintiff determined that Defendant lived in New Mexico.  After unsuccessful attempts at service, the search continues.  Plaintiff, who still believes that Defendant lives outside of Texas, requests a transfer of venue to the Northern District of Texas, Amarillo Division.

   "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  Additionally, § 1406(a) provides, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been

brought." The Court agrees with Plaintiffs that it would be in the interests of justice to transfer venue to the Northern District of Texas. Therefore the only necessary inquiry is whether the case could have been brought there.

Plaintiff has made allegations in her Complaint sufficient to establish diversity jurisdiction under 28 U.S.C. § 1332, because she alleges that there is complete diversity of parties, and that the amount in controversy exceeds $75,000.[1] As to personal jurisdiction, "in diversity actions . . . the law of the forum state, subject to the constitutional limits imposed by the Due Process Clause, controls the ability of a district court to exercise personal jurisdiction over nonresident defendants." *Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 395–96 (5th Cir. 2001).

"[T]he Texas long-arm statute's broad doing-business language allows the statute to reach as far as the federal constitutional requirements of due process will allow. Therefore, we only analyze whether [a defendant's] acts would bring [the defendant] within Texas' jurisdiction consistent with constitutional due process requirements." *Retamco Operating, Inc. v. Republic Drilling Co.*, 278 S.W.3d 333, 337 (Tex. 2009) (internal quotations and citations omitted).

> The Due Process Clause of the Fourteenth Amendment permits a court to exercise personal jurisdiction over a foreign defendant when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice.

*Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010).

Here, Defendant has sufficient minimum contacts with Texas because he drove a vehicle

---

[1] Plaintiff states her intention to name a non-diverse defendant, the owner of the automobile, in a future iteration of the Complaint. Should she do so, the Court anticipates that there would no longer be complete diversity of parties in the case, and thus the federal courts would cease to have jurisdiction. However, the Court must base its current ruling on the Complaint as it stands, not on what Plaintiff states she intends to do at some time in the future.

and got into an accident, allegedly tortious, there.  The exercise of such jurisdiction would not offend traditional notions of fair play and substantial justice.  Therefore there is personal jurisdiction over Defendant in the Northern District of Texas.

Venue is proper in a diversity case in (1) a judicial district where any defendant resides, if all defendants reside in the same state; or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.  28 U.S.C. § 1391(a).  According to Plaintiff's allegations, the accident took place in Amarillo, Texas, and so a substantial part of the events giving rise to the claim occurred within the Northern District of Texas, Amarillo Division.  Thus venue is proper there.

The Court concludes that Plaintiff could have filed her Complaint in the Northern District of Texas, Amarillo Division, and therefore the Court **GRANTS** Plaintiffs Motion to Change Venue, and **REMANDS** the case to the Northern District of Texas, Amarillo Division, for further resolution of Plaintiff's claims.

**SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE